UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 2, 2018

LETTER TO COUNSEL

RE: *Steven P. Klein v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-17-1960

Dear Counsel:

On July 14, 2017, Plaintiff Steven P. Klein petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment, and Mr. Klein's response. [ECF Nos. 17, 20, 21]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Klein filed his claims for benefits on May 31, 2013, alleging an onset date of March 16, 2012. (Tr. 190-97, 198-204). His claims were denied initially and on reconsideration. (Tr. 73-83, 84-94, 97-107, 108-18). A hearing was held on March 18, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 41-72). Following the hearing, the ALJ determined that Mr. Klein was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 25-36). The Appeals Council ("AC") denied Mr. Klein's request for further review, (Tr. 1-5, 6-11), so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Mr. Klein suffered from the severe impairments of "major depressive disorder and generalized anxiety disorder." (Tr. 27). Despite these impairments, the ALJ determined that Mr. Klein would retain the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform work that requires occasional balancing and climbing of ladders, ropes, and scaffolds and frequent climbing of ramps and stairs. He can have no concentrated exposure to moving machinery

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

>and unprotected heights. He can understand, remember, and carry out one to two-step simple instructions, and can perform work requiring occasional changes in the workplace. He can occasionally work alongside coworkers, but not directly with them, and can have occasional interaction with the public.

(Tr. 30). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Klein was unable to perform his past relevant work, but found that he could perform several other jobs existing in significant numbers in the national economy. (Tr. 34-35). Therefore, the ALJ concluded that he was not disabled. (Tr. 35-36).

On appeal, Mr. Klein primarily contends that the ALJ's RFC assessment runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). I agree that the ALJ's analysis did not comply with *Mascio,* and I therefore grant remand. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Klein is not entitled to benefits is correct.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq*. pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. § 404.1620a(c)(4). To satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate

completion of tasks commonly found in work settings." *Id*. § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found that Mr. Klein had moderate difficulties with regard to concentration, persistence, or pace. (Tr. 29). The ALJ's analysis stated:

> The claimant reports difficulty with concentration, short-term memory, and handling stress and changes to routine. He also reports unusual anxiety about his future. He admits, however, that he is able to watch television regularly, including sports games. His mental status examinations generally note a normal attention span and concentration, and a goal-directed and/or logical thought process.

*Id.* (citation omitted). According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id.* § 404.1520a(e)(4). The analysis provided by the ALJ in Mr. Klein's case failed to fulfill these requirements. Although not part of the step three analysis, the ALJ later agreed with the opinion of Dr. Renee McPherson Salandy that Mr. Klein was "moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest breaks." (Tr. 33). However, the ALJ offered no explanation as to how the limitations to "one to two-step simple instructions" and "work requiring occasional changes in the workplace" were designed to address Mr. Klein's difficulties in concentration, persistence, or pace.[2] Without further analysis, then, I am unable to ascertain whether the limitations found by the ALJ would permit Mr. Klein to sustain a consistent pace with only normal breaks. In light of these inadequacies, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 17), is DENIED, and Defendant's Motion for Summary Judgment, (ECF No. 20), is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[2] The problem may be that Dr. Salandy's opinion is inherently inconsistent. In her opinion, Dr. Salandy stated both that Mr. Klein "may evidence difficulty completing a normal workday/workweek without interruption from psychological symptoms due to sxs of depression [and] hx of alcohol abuse," (Tr. 80), and that he "can follow two-three step commands and can persist and maintain attention and concentration for two hour increments sufficiently enough to complete an eight hour workday," (Tr. 81), without explaining how those two contradictory positions are reconciled. Thus, even if the ALJ's citation to Dr. Salandy's opinion suffices to explain the ALJ's assessment of "moderate limitations," I am unable to follow the logical bridge between the rationale of that opinion and the RFC limitations assessed.